T.C. Memo. 2007-158

UNITED STATES TAX COURT

G. KIERSTEAD FAMILY HOLDINGS TRUST, ET AL.,[1] Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 24183-05, 24184-05,    Filed June 19, 2007.
            24185-05.

Anthony V. Diosdi, for petitioners.

Jeremy L. McPherson, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

HAINES, Judge:  Petitioners in these consolidated cases are

G. Kierstead Family Holdings Trust, G. Kierstead Family Trust,

and Glenn E. and Carol L. Kierstead as individuals.  Before

---

[1]Cases of the following petitioners are consolidated
herewith:  Glenn E. and Carol L. Kierstead, docket No. 24184-05;
and G. Kierstead Family Trust, docket No. 24185-05.

trial, the parties stipulated that there are no deficiencies in Federal income tax or penalties due from petitioners G. Kierstead Family Holdings Trust or G. Kierstead Family Trust.  Respondent determined Federal income tax deficiencies and penalties for petitioners[2] Glenn and Carol Kierstead as follows[3]:

| Year at Issue | Deficiency | Sec. 6662(a) |
|---|---|---|
| 2001 | $40,410 | $8,080 |
| 2002 | 38,165 | 7,633 |
| 2003 | 66,179 | 13,235 |

The parties filed a stipulation of settled issues necessary for a determination of the amount of the liability for the years in question, other than applicable penalties.  Accordingly, the only issue to be determined is whether petitioners Glenn and Carol Kierstead are liable for accuracy-related penalties under section 6662(a) for 2001, 2002, and 2003 (years at issue).[4]

FINDINGS OF FACT

---

[2]Unless otherwise indicated, reference to "petitioners" shall mean petitioners Glenn E. and Carol L. Kierstead as individuals.

[3]Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended.  All Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

[4]The parties stipulated that petitioners are liable for accuracy-related penalties under sec. 6662(a) for 2001, 2002, and 2003 for the portion of their deficiencies allocable to their failure to include interest income in the amounts of $8,633, $8,465, and $8,174, respectively.

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by reference. Petitioners resided in Vacaville, California, when they filed this petition. Petitioner trusts both used addresses in Lansing, Michigan, on their Tax Court petitions.

In 1998, with the assistance of National Trust Services (NTS), petitioners established the G. Kierstead Family Holdings Trust and the G. Kierstead Family Trust. Petitioner Glenn Kierstead assigned all rights to his lifetime services and future earnings to the trusts. Petitioners deducted inter alia their personal living expenses and depreciation of their residence on Form 1041, U.S. Income Tax Return for Estates and Trusts, filed for the years at issue.

In early 2001, upon learning that one of the promoters of NTS stole money from an investment promoted by NTS, petitioners sought advice about the legality of the trusts from attorney David Kallman. Mr. Kallman provided petitioners with information about the classification of business trusts for Federal income tax purposes. He advised petitioners to consult David Carter, an attorney who is also a certified public accountant (C.P.A.) regarding the income tax issues of the trusts. At petitioners' request, Mr. Kallman amended the terms of the trusts in July 2001.

Petitioners timely filed Federal individual as well as trust income tax returns for the years at issue.  On September 28, 2005, separate notices of deficiency were sent to each party.  In the notice of deficiency sent to petitioners Glenn and Carol Kierstead, respondent determined that the trusts must be disregarded for Federal income tax purposes.  Petitioners Glenn and Carol Kierstead, as well as the two trusts, timely filed petitions with the Court on December 22, 2005.

OPINION

Section 6662(a) imposes a 20-percent penalty on the portion of an underpayment attributable to a substantial understatement of income tax.  While the Commissioner bears the initial burden of production and must come forward with sufficient evidence showing it is appropriate to impose an accuracy-related penalty, the taxpayer bears the burden of proof as to any exception to the penalty.  See sec. 7491(c); Rule 142(a); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).  In order to meet the burden of proof, a taxpayer must present evidence sufficient to persuade the Court that the Commissioner's determination is incorrect. Higbee v. Commissioner, supra at 447.  Petitioners concede that respondent has met his burden of production.  However, they argue that they are not liable for a portion of the section 6662(a) penalties because they, in good faith, relied on the advice of two competent tax professionals.

An accuracy-related penalty is not imposed on any portion of the understatement as to which the taxpayer acted with reasonable cause and in good faith.  Sec 6664(c)(1).  Reliance on the advice of a tax professional may constitute reasonable cause and good faith, if under all the facts and circumstances the reliance is reasonable and in good faith.  Neonatology Associates, P.A. v. Commissioner, 115 T.C. 43, 98 (2000), affd. 299 F.3d 221 (3d Cir. 2002); sec. 1.6664-4(c)(1), Income Tax Regs.  To qualify for this exception, a taxpayer must prove by a preponderance of the evidence that:  (1) The adviser was a competent professional who had sufficient expertise to justify reliance; (2) the taxpayer provided necessary and accurate information to the adviser; and (3) the taxpayer actually relied in good faith on the adviser's judgment.  Neonatology Associates, P.A. v. Commissioner, supra at 98-99.

Petitioners contend that their reliance on attorneys Kallman and Carter relieves them from the accuracy-related penalties.  We disagree.  Respondent has not disputed that petitioners satisfied part (2) of the 3-prong test.  Accordingly, the issue to be determined is whether petitioners actually relied in good faith on the advice of competent tax professionals possessing sufficient expertise to justify their reliance.

In 2001, petitioners consulted Mr. Kallman, an attorney with 24 years' experience regarding the trusts.  Mr. Kallman does not

hold himself out as a tax attorney, nor does he prepare tax returns. Mr. Kallman provided petitioners with limited tax advice about the tax treatment of business trusts. He also provided general tax information that business expenses, but not personal expenses, were allowed as deductions. Mr. Kallman was careful to qualify any tax advice by telling petitioners to consult their tax attorney and accountant. Therefore, petitioners did not rely on Mr. Kallman's advice in the preparation and filing of their Federal individual and trust income tax returns.

On the advice of Mr. Kallman, petitioners consulted David Carter, an attorney and C.P.A., regarding tax issues of the trusts. Petitioner Glenn Kierstead testified that Mr. Carter "said he was very comfortable with [the trusts]." Though petitioners listed Mr. Carter as a potential witness, he did not testify at trial. Petitioners introduced no evidence as to Mr. Carter's qualifications as a tax expert other than Mr. Kallman's testimony that he was an attorney with a C.P.A. background. No evidence has been submitted of any specific tax advice provided by Mr. Carter relating to petitioner's assignment of lifetime earnings to the trusts or the allowance of deductions for personal expenses. For these reasons, petitioners failed to prove that Mr. Carter was a competent tax professional and that petitioners were justified in relying on his opinion.

Because petitioners failed to prove they reasonably relied on a competent tax professional, and because they failed to assert any other basis for relief, we hold that petitioners failed to prove that they had reasonable cause within the meaning of section 6664(c).  Therefore, we find petitioners are liable for accuracy-related penalties under section 6662(a) for the years at issue.

In reaching our holdings, we have considered all arguments made, and, to the extent not mentioned, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered under Rule 155 in docket No. 24184-05</u>.

<u>Decisions will be entered for petitioners in docket Nos. 24183-05 and 24185-05</u>.